RAWLS, Judge.
Defendant, Stan Gilbert, has taken an interlocutory appeal from an order granting the plaintiff-wife alimony pendente lite and attorney’s fees.
Appellant-husband poses the following two points:
1. Where, by appropriate pleadings an issue is raised as to plaintiff-wife’s financial ability to support herself and pay her attorney and defendant’s ability or inability to so do, may the lower court make an award to the plaintiff, without having any evidence whatever as to defendant’s ability before him and without giving defendant an opportunity to offer evidence with respect thereto ?
2. Where, during a hearing on the faculties it appears by the uncontradicted evidence in the record that the plaintiff-wife is guilty of adultery, the Chancellor must make a final finding on that question and if the finding is in favor of the defendant, then temporary allowances should be denied.
The lower court after holding a hearing upon the faculties awarded the wife temporary alimony in the sum of $25.00 per week and temporary attorney’s fees in the sum of $250.00.
As to the first point the limited record brought to our attention in appellant’s appendix reflects that the trial judge had, in a previous hearing, listened to the husband’s testimony as to what he earned, but this Court has not been benefited with a transcript of said hearing. Appellant’s contention that he was not given the opportunity to testify is without merit. The record reflects that shortly prior to the conclusion of the hearing, appellant’s attorney announced to the court: “I think the evi *714 dence is sufficient but the law is not. * * I am not objecting to Your Honor making a finding based on what you have heard with respect to the facts. * * * I am, however, concerned about the law.” It was subsequent to these statements addressed to the court that as an apparent afterthought appellant’s counsel stated that there was no-reason to retain the court reporter “except I do want the record to show we do have evidence to submit on the faculties, Your Honor, insofar as the defendant’s earnings are concerned and his own ability to support the plaintiff.”
In considering the second point posed by the husband, we observe at the outset that appellee has not favored this Court with a brief nor has she supplemented the record in any respect. An interlocutory appeal of this type contemplates an adversary proceeding. This Court is placed in the position of reviewing the trial court’s order upon the limited record submitted by appellant-husband.[1] Excerpts of the proceedings reflect that the husband in resisting the wife’s claim for temporary alimony and suit money, sought to prove that the wife had been guilty of such adulterous conduct that her complaint for divorce on the ground of extreme cruelty was not well founded.[2] The depositions of two independent witnesses reflect that the wife had within recent months spent a three-day period with a member of a band in Free-port, Grand Bahamas; that subsequently she had journeyed to Miami to visit the gentleman, and had expended considerable time and effort tracing her paramour’s whereabouts, which ranged from Boston to Puerto Rico. One witness summarized this wife’s conduct with the statement, “She was very hung up on him.” This record does not contain any evidence impeaching the foregoing testimony. The trial judge declined to consider the question of the wife’s adultery, and his order fails to show that he considered or found that the wife’s complaint was well founded. The limited record presented to this Court does not contain any allegations or proof as to whether it is well founded. The complaint for divorce makes a single bald allegation that the husband has been guilty of extreme cruelty.
Mr. Justice Terrell, speaking for the Supreme Court in Floyd v. Floyd,[3] stated the guideline for cases such as this, viz.:
“ * * * We are concerned only with temporary alimony in this case, which is an allowance made to the wife for her maintenance during the pendency of the action as provided by section 3194, Revised General Statutes of Florida, 1920. This section also carries provision for suit money, but in either event where the wife is the defendant, as is the case here, the allowance of temporary alimony or suit money is under the terms of the statute conditioned on the answer or petition seeming ‘well founded.’
“ * * * It is also well settled that the granting or withholding of temporary alimony and suit money is not a matter of right, but it is within the discretion of the court to whom the application therefor is made; but this discretion is not an arbitrary one; it is a judicial discretion, to be exercised in accordance with established rules of law wisely adapted to the facts apparent in each particular case, and is subject to review by the appellate court. * * *
“ * * * It is unnecessary, however, to inquire into the merits of the principal controversy further than to establish a prima facie showing. * * *
“In some states temporary alimony is allowed as a matter of right, but under our law it is made dependent on the petition therefor being ‘well founded.’ ”
*715 The order being silent as to whether the instant complaint was “well founded,” and the Chancellor having refused to consider the question of the wife’s alleged misconduct prior to the awarding of temporary alimony and attorney’s fees, it is our conclusion that the order appealed must be and is
Reversed.
JOHNSON, C. J., and WIGGINTON, J., concur.

. Rule 4.2, subd. d, Florida Appellate Rules, 32 F.S.A.

. Section 61.071, Florida Statutes, F.S.A.

. Floyd v. Floyd, 91 Fla. 910, 108 So. 896 (1926).